IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02197

BEN GUNN, *et al,*

      *Plaintiffs,*

*v.*

WCA LOGISTICS, LLC, *et al.*

      *Defendants-Third party plaintiffs*

*v.*

JOHN E. BREEN

      *Third party defendant-counterclaimant.*

### DEFENDANT-COUNTER CLAIMANT JOHN E. BREEN'S MEMORANDUM *CONTRA* TO WCA'S MOTION TO COMPEL

    Third party defendant-counterclaimant John E. Breen ("counterclaimant Breen") submits this memorandum in opposition to the motion to compel filed by defendant WCA Logistics, LLC *et al* ("defendant WCA") and respectfully submits that the motion should be overruled on the grounds that:

    *1.*  In good faith, despite counterclaimant Breen's belief that his insurance carrier should not be contacted based upon frivolous allegations or while the Court rules on Breen's pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Breen produced the said insurance policy to counsel for defendants on June 26, 2013; *and*

    2.  Defendant's motion is premature inasmuch it is filed before the Court has had the opportunity to rule on defendant Breen's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which determines if WCA has even set forth a facially sustainable cause of action for malpractice due to the statutory bar under Ohio's statute of limitations; *and*

1

3.  The allegations providing a basis for WCA's request for insurance coverage are unfounded, false, baseless and frivolous; *and*

4.  The motion is filed in violation of D.C.Colo.LCivR 7.1(A).

First, counterclaimant Breen physically provided a copy of his insurance policy to counsel on June 26, 2014, which was provided at counsel's offices. The document was marked "confidential," pursuant to the terms of the *Stipulated Confidentiality Agreement and Protective Order*, dated March 27, 2014 [doc. 39]. Breen expressly objects to the production and reserves all rights.

Second, defendant's desire to obtain the said policy is premature. Pending before the Court is counterclaimant Breen's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) that seeks dismissal based on the face of the complaint [doc. 21]. Moreover, defendant's allegations against Breen are frivolous and the involvement of Breen's insurance carrier to defend the same over objection is simply a ploy to extract improper leverage in the litigation.

Third, as discovery has progressed, the absurdity of WCA's allegations against Breen are becoming self evident. Moreover, as the developing record is now establishing, defendant Carter took affirmative steps to destroy plaintiff's venture, and did so unilaterally and maliciously. The attempt to pass this misconduct on to defendant Breen is frivolous and will be resolved in due course.

Finally, counsel has misrepresented that the parties conferred pursuant to local rule 7.1. Indeed, after the mediation, the parties convened to discuss discovery issues. Counsel did not even raise the issue of the insurance policy. No request was made. No discussion was conducted. No conferral occurred. Frankly, from counterclaimant Breen's standpoint, it was

presumed that counsel for defendant WCA agreed that such a disclosure would be premature and inappropriate.

Thereafter, in a simple e mail the day after the mediation, counsel announced that WCA would file a motion to compel if the document were not provided the next day. *See* attached. This simple e mail, which was obviously intended to blind side counsel, is insufficient in any event to fulfill the obligations of Local Rule 7.1 as a matter of law. "[R]ule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail." *United States of America v. Bella Homes*, No. 12-cv-00390-MSK-MEH (US Dist. Colo)(3/6/2012, unreported); *see also Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D.Colo. 2003)("counsel flagrantly violated conference requirement of local rule . . . by sending single e-mail to defendant. . . .)   Failure to comply with the rule is sufficient alone to warrant a denial of the motion. *Echostar Communications Corp. v. News Corp.*, 180 F.R.D. 391 (D. Colo. 1998).

## CONCLUSION

*WHEREFORE*, for the reasons stated above, counterclaimant Breen respectfully requests that the Court overrule defendant WCA's motion to compel.

Respectfully submitted,

*s/John E. Breen*
_____
**JOHN E. BREEN (0015142)**
BREEN LAW
7761 Chetwood Close
New Albany, Ohio  43054
(614) 374-3324
(614) 775-9977  FAX
JBBREENLAW@AOL.COM

*Trial Counsel Pro Se for defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 30 day of June, 2014, via e mail upon all counsel of record:

Paul D. Godec, Esq.
Nancy Rodgers, Esq.
**KISSINGER & FELLMAN**
Ptarmigan Place, Suite 900
3773 Cherry Creek North Drive
Denver, Colorado   80209
paul@kandf.com

Charles Welton, Esq.
**CHARLES WELTON, P.C.**
1800 Gaylord Street
Denver, Colorado   80206
welton@charleswelton.com

*s/John E. Breen*
_____

4

**From:** Nancy Cornish Rodgers <nancy@KANDF.COM>
**To:** jbbreenlaw <jbbreenlaw@aol.com>
**Cc:** Paul Godec <paul@KANDF.COM>; Alexandra Smith <alexandra@KANDF.COM>
**Subject:** Name of insurance carrier
**Date:** Tue, Jun 17, 2014 1:12 pm

John

It's our understanding that the Magistrate Judge told you to disclose the name of your insurance carrier, as required by your initial disclosures, referenced in Third Party Plaintiffs' RFA to you, and previously discussed during our April phone call.

Please provide the name of your carrier and any insurance agreement per Rule 26(a)(1)(A)(iv).

If you do not provide us this information by tomorrow at noon, we will file a Motion to Compel and seek our fees and costs in doing so.

-Nancy


***********************

Nancy C. Rodgers, Esq.

Kissinger & Fellman, P.C.

Ptarmigan Place, Suite 900

3773 Cherry Creek North Drive

Denver, Colorado 80209

303-320-6100

303-327-8601 (fax)

nancy@kandf.com

www.kandf.com

Twitter - @rodgdog72

***********************

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Thank you.*