**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

    Plaintiffs,

v.

WILLIAM C. CARTER,

    Defendant,

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

    Defendants/Third-Party Plaintiffs,

v.

JOHN E. BREEN,

    Third-Party Defendant.
_____

**ORDER ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND DENYING THIRD-PARTY
DEFENDANT'S MOTION TO DISMISS**
_____

This matter is before the Court on United States Magistrate Judge Michael E. Hegarty's Recommendation (ECF No. 110) that the Third-Party Defendant John E. Breen's Renewed Motion to Dismiss Third Party Complaint as Amended ("Motion") (ECF No. 66) be denied. The Court adopts Judge Hegarty's Recommendation in its entirety. Therefore, for the reasons set forth below, the Motion is denied.

## I. BACKGROUND

On December 5, 2013, Defendants WCA Logistics, LLC and WCA Logistics II, LLC (together "Defendants") filed a Counterclaim and Third-Party Complaint against John E. Breen ("Breen"). (ECF No. 19.) Defendants subsequently amended their Third-Party Complaint against Breen to include counts of legal malpractice, negligence *per se*, breach of fiduciary duty, breach of the duty of loyalty, fraud, and civil conspiracy. (ECF No. 53 at 13-20.) Defendants allege that, approximately ten years ago, Breen began representing WCA Logistics, LLC ("WCA") as legal counsel "on a regular basis" in litigation and transactional matters. (*Id*. at ¶ 13-14.)

Beginning in approximately June 2012, Breen served as the exclusive legal counsel and Chief Operating Officer of WCA. (*Id*. at ¶ 15-16.) On September 20, 2012, Breen incorporated WCA Logistics II, LLC ("WCA II") (*Id*. at ¶ 51), and thereafter served as legal counsel to both WCA and WCA II (*Id*. at ¶ 24). On approximately September 22, 2012, WCA II, through Breen, executed an "Asset Purchase Agreement" with Ben and Jennifer Gunn for the purchase of Armada Logistics, Inc. ("Armada"). (*Id*. at ¶ 52-54.) Breen's conduct during and after the Armada acquisition is the subject of several of the Defendants' malpractice claims. Defendants allege that "[u]ntil WCA and WCA II severed the attorney-client relationship in February 2013, Mr. Breen identified himself as COO for WCA, general counsel for WCA, president of WCA II, and owner of WCA II." (*Id*. at ¶ 23.)

In response to Defendants' Amended Third-Party Complaint, Breen filed the instant Motion under Fed. R. Civ. P. 12(b)(6), alleging each claim is either barred by the

statute of limitations applicable to attorney malpractice, or is insufficiently pled and "incapable of response." (ECF No. 66 at 1.) The Court referred the Motion to Judge Hegarty (ECF No. 107), who issued his Recommendation that the Motion be denied on September 19, 2014. (ECF No. 110.) Breen filed a timely objection to Judge Hegarty's Recommendation on October 1, 2014 (ECF No. 112), which the Court now considers.

## II.  LEGAL STANDARD

### A.  The Court's Review of the Magistrate Judge's Recommendation

A party who objects to a magistrate judge's recommendation on a potentially dispositive motion under Fed. R. Civ. P. 72(b) must, within 14 days after service of the recommendation, file specific written objections with the district judge. *Id*. at (b)(2). If a party properly files an objection, the district judge must review the relevant portion of the magistrate judge's recommendation *de novo*. *Id*. at (b)(3). When conducting his review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

### B.  Motions to Dismiss under Fed. R. Civ. P 12(b)(6)

In reviewing a motion to dismiss, the court must accept all well-pled allegations contained in plaintiff's complaint as true, and determine whether the facts pled show the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Conclusory statements or other bare assertions are not entitled the presumption of truth. *Id.* at 678. Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard demands more than the "sheer possibility" of liability.  *Id*.  A well-pled claim will, instead, allow the court to draw "reasonable inference[s] that the defendant is liable."  *Id*.

### III. ANALYSIS

Breen argues that each claim against him in Defendants' Amended Third-Party Complaint is either barred by the statute of limitations applicable to attorney malpractice, or is insufficiently pled and "incapable of response."  (ECF No. 66 at 1.) The Court will address each argument in turn.

**A.     Whether the Statute of Limitations Bars Defendants' Claims**

A court may resolve statute of limitations issues on a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  Pursuant to Ohio Rev. Code § 2305.11(A),[1] a legal malpractice action must be filed within "one year after the cause of action accrued."

The parties dispute when the Defendants' causes of action against Breen accrued.  Ohio courts hold that the accrual period under § 2305.11(A) is triggered when one of the following two events occurs:

> an action for legal malpractice accrues and the statute of
> limitations begins to run when there is a cognizable event
> whereby the client discovers or should have discovered that
> his injury was related to his attorney's act or non-act and the
> client is put on notice of a need to pursue his possible
> remedies against the attorney or when the attorney-client

---

[1] The magistrate judge applied Ohio law and neither party objected to this aspect of the Recommendation.  Thus, the Court assumes Ohio law provides the applicable statute of limitations.

> relationship for that particular transaction or undertaking terminates, whichever occurs later.

*Zimmie v. Calfee, Halter & Griswold*, 538 N.E. 2d 398, 401 (Ohio 1989). An attorney's continued general representation of a client will not suffice to toll the statute of limitations with respect to a particular act of malpractice. *Omni-Food & Fashion, Inc. v. Smith*, 528 N.E.2d 941, 944 (Ohio 1988). The "key date" for accrual purposes is when "the [legal] representation on the matter in question ceases, rather than all representation." *Antioch Litig. Trust v. McDermott Will & Emery LLP*, 2013 WL 1338769, at *3 (S.D. Ohio April 1, 2013) (citations and internal quotation marks omitted). When an attorney-client relationship for a "particular undertaking or transaction" has ended is a question of fact. *Omni-Food,* 528 N.E.2d at 944.

According to Breen, the statute of limitations on Defendants' malpractice claims began to run on September 22, 2012, the date the Armada acquisition took place. (ECF No. 112 at 4-5.) Breen thus contends that the claims against him are untimely because Defendants filed their initial Third-Party Complaint on December 5, 2013. (ECF No. 66 at 9.) The Defendants conversely argue that the statute of limitations began to accrue in February 2013, when Defendants terminated their attorney-client relationship with Breen. (ECF No. 114 at 5.)

The Court finds that the statute of limitations in this case began to accrue in February 2013 when Defendants terminated Breen. The Defendants' Third-Party Complaint describes Breen's high-ranking position at WCA, his involvement in the Armada transaction, and his alleged malpractice, all of which give rise to the reasonable inference that Breen continued to advise WCA on the Armada transaction and

implementation thereof until the attorney-client relationship was severed in February 2013. Judge Hegarty correctly states, "[a]s WCA's COO and legal counsel, Breen would have been involved in the operation and management of Armada's assets." (ECF No. 110 at 5.) The Court therefore finds that Defendants have alleged a plausible claim for relief that is not barred by the applicable statute of limitations.

### B. The Sufficiency of Defendants' Pleading

Breen further alleges that the Third-Party Complaint is insufficiently pled and "incapable of response." (ECF No. 66 at 1.) However, as Judge Hegarty indicated, Breen "has not identified which claims are subject to this argument or if he seeks dismissal on this basis." (ECF No. 110 at 6.) Breen has not specifically objected to this finding. Reviewing this aspect of the Recommendation for clear error, the Court finds that the Third-Party Complaint sets forth cognizable claims against Breen that are factually detailed and sufficient to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Accordingly, the Court finds that dismissal of Defendants' Third-Party Complaint due to insufficient pleading is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Third-Party Defendant John E. Breen's Objections to Magistrate Judge Hegarty's Recommendation (ECF No. 112) are OVERRULED;

2. Magistrate Judge Hegarty's Recommendation (ECF No. 110) is AFFIRMED and ADOPTED in its entirety; and

3. Third-Party Defendant John E. Breen's Renewed Motion to Dismiss Third Party Complaint as Amended (ECF No. 66) is DENIED.

Dated this 9th day of December, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge