**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

       Plaintiffs,

v.

WILLIAM C. CARTER,

       Defendant,

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

       Defendants/Third-Party Plaintiffs,

v.

JOHN E. BREEN,

       Third-Party Defendant.
_____

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO CERTIFY ORDER**
**FOR INTERLOCUTORY APPEAL**
_____

       This matter is before the Court on Third-Party Defendant John E. Breen's

("Breen") Motion to Certify Discretionary Appeal pursuant to 28 U.S.C. § 1292(b)

("Motion").  (ECF No. 215.)  On August 28, 2015, Plaintiffs Ben and Jennifer Gunn

("Plaintiffs") filed a response to the Motion, and WCA Logistics, LLC, WCA Logistics II,

LLC, and William Carter (collectively "Defendants") also filed a response on September

2, 2015.  (ECF Nos. 218, 219.)  For the reasons set forth below, the Motion is denied.

## I.  BACKGROUND

The factual history of this case is detailed in several prior Orders; the

procedural history relevant to the instant Motion is as follows.  On August 26, 2015, the

Court overruled Breen's objections to United States Magistrate Judge Michael E.

Hegarty's Order (ECF No. 204) regarding the disclosure of approximately 28 e-mails

between Breen and Plaintiff's counsel, Charles Welton.  (ECF No. 214.)  The Court

found that Judge Hegarty's Order was not clearly erroneous or contrary to law, and that

the e-mails at issue were relevant and not privileged.  (ECF No. 214 at 5-7.)  Breen

subsequently filed the instant Motion seeking to certify the Court's August 26, 2015

Order for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.  LEGAL STANDARD

Generally speaking, appellate jurisdiction is limited to appeals from final

decisions of the district courts.  *See Kearns v. Shillinger*, 823 F.2d 399, 400 (10th Cir.

1987).  However, 28 U.S.C. § 1292(b) allows a district court to certify certain orders for

appeal, which the appellate court may, in its discretion, permit.  *Id*.  The statute

provides:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the
> opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order.  The Court of
> Appeals which would have jurisdiction of an appeal of such
> action may thereupon, in its discretion, permit an appeal to
> be taken from such order, if application is made to it within
> ten days after the entry of the order: Provided, however,
> [t]hat application for an appeal hereunder shall not stay

2

proceedings in the district court unless the district judge or
the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Only "exceptional" circumstances warrant interlocutory appeals

under § 1292(b).  *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Coopers &*

*Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Carson v. Am. Brands, Inc.*,

450 U.S. 79, 84 (1981) (interlocutory appeals are generally prohibited unless litigants

can show that an order will have serious consequences that can only be prevented by

immediate appeal rather than appeal after judgment.)

### III.  ANALYSIS

### A.    The Duty to Confer

As an initial matter, it is not clear that Breen properly complied with Local Rule

7.1(a).  Rule 7.1(a) provides that, before filing a motion, counsel for the moving party

must confer or make reasonable efforts to confer with opposing counsel to resolve any

disputed matter.  D.C.COLO.LCivR 7.1(a).  The moving party must describe in the

motion "the specific efforts" he undertook to fulfill this duty.  *Id*.  Breen states in his

Motion that he "emailed counsel of record requesting consent to the instant motion, but,

due to the compliance deadline permitted by the Court, has not had the opportunity to

exchange any viewpoints as of the filing hereof."  (ECF No. 215 at 2.)  Breen could

have, at the least, also attempted to contact opposing counsel by phone prior to filing

his Motion.  *See Connolly v. Toll Bros., Inc.*, 2015 WL 2345639, at *1 (D. Colo. May 14,

2015) ("Further, a single email, letter, or voicemail, without any follow-up, ordinarily

does not constitute a good faith effort to confer.")  Nonetheless, the Court considers

Breen's Motion below.

**B.      The Merits of the Motion**

Breen argues that the Court's Order: (1) involves a controlling point of law regarding the right of a litigant to invoke work product protection; (2) prohibits him from effectively defending himself in this litigation; and (3) fails to uphold Ohio law that an attorney's right to work product protection trumps any duty of confidentiality to his former client.  (ECF No. 215 at 1.)  Plaintiffs, too, argue that allowing the continued disclosure of attorney work product would "put Defendants' counsel right in the office of both Plaintiffs' counsel and Breen as they prepare for trial."  (ECF No. 218 at 2.) Plaintiffs further note that Breen is named as a witness for Plaintiffs, and the Court's ruling hampers their ability to prepare their witness for trial.  (*Id*. at 3.)

The Court is not persuaded that its Order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  These conditions are "are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009).  Here, the issue is whether work product protection shields the e-mails between Breen and Welton, which the Court has held it does not.  Work product waiver, or application of the privilege generally, is not a question that is "difficult, novel . . . [or] on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions," and Breen makes no argument to the contrary.  *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991).  Orders properly certified under § 1292(b) should involve

disputes regarding "controlling question[s] of *law*," not a district court's allegedly erroneous application of facts to settled law (emphasis added).  "Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Certain Underwriters at Lloyd's, London, Subscribing To Policy No. 501/NM03ACMB v. Nance*, 2006 WL 4109675, at *3 (D.N.M. Aug. 24, 2006).

Certification would, furthermore, not materially advance the termination of this litigation; the Court's Order does not address a dispositive issue, and this matter has been pending for over two years.  Finally, whether Breen's right to defend against Defendants' malpractice allegations "trumps" the right to client confidentiality does not present a dispute as to a controlling issue of law with respect to the precise issue presented here: whether work product protection applies to the e-mails.  Breen's right to self defense under the rules of professional responsibility does not alter his obligations to disclose all relevant information specifically requested during discovery.  Thus, because the § 1292(b) criteria are not satisfied, the Court denies the Motion.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1) Breen's Motion to  Certify Discretionary Appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 215) is DENIED; and

2) The communications at issue will be made available beginning September 11, 2015 in Judge Hegarty's Chambers as specified in his prior Order (ECF No.

204).

Dated this 10th day of September, 2015.

BY THE COURT:

William J. Martínez
United States District Judge